IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0309-R |
| | ) | ECF |
| DEPUTY MARTIN, Dallas Sheriff's SRT, | ) | |
| et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties:   At the time of filing this action, Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas.  He was recently released on pre-trial bond.  Defendants are Deputy Martin, Sheriff Lupe Valdez, the Dallas County Sheriff's Department, Dallas County, Chief Deputy Danny Downs, Captain James Howell, Lt. Swartz, Lt. Mark Wooten, Sgt. Cook, Dallas County Commissioners, and the Texas Commission on Jail Standards.  No process has been issued in this case pending preliminary screening.

Statement of the Case:  Plaintiff's complaint challenges the conduct of the SRT Unit at the Dallas County Jail  (also known as "Black Suits") . (Complaint at 4-D).  Specifically, Plaintiff alleges that the SRT members persistently harassed and retaliated against him by

coming into his cell in the middle of the night to conduct unwarranted strip and cell searches. He seeks monetary relief.[1]

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1)  provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Prisoner Litigation Reform Act (PLRA) of 1996 requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages.  *See* 42 U.S.C. § 1997e(e); *Harper*

---

[1] Insofar as Plaintiff requests declaratory and injunctive relief, his release from confinement on pre-trial bond renders his claim moot.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)).

*v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir.1999).[2]

The only injury which Plaintiff suffered as a result of the SRT members' abusive and harassing practices was mental pain and suffering. Plaintiff concedes that on each occasion he complied with the requests of the SRT members and that, as a result, they left his cell without incident.

The Court further notes that verbal abuse and harassment fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Therefore, the complaint should be dismissed with prejudice as frivolous.

This is not Plaintiff's first action. During the last year, Plaintiff has filed seventeen complaints in the Dallas Division of the Northern District of Texas. Two of the complaints were dismissed as frivolous, three other complaints have recommendations from the magistrate judge to dismiss the complaint as frivolous. Plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with

---

[2] Section 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §§ 1997e(e).

prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i), and 42 U.S.C. § 1997e(c)(1).

It is further recommended that Plaintiff be WARNED that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.